UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DESMON DEMOND BURKS, | Case No. 17-CV-0539 (SRN/SER) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA,[1] | |
| Respondent. | |

Petitioner Desmon Demond Burks is currently incarcerated at the Federal Correctional Institution in Terre Haute, Indiana on convictions for conspiracy to commit bank fraud, aiding and abetting bank fraud, and aggravated identity theft. *See United States v. Burks*, No. 11-CR-0369-4 (PAM/FLN) (D. Minn. judgment Aug. 19, 2013). Burks seeks a writ of habeas corpus — but not challenging that term of imprisonment.

Rather, the focus of Burks's habeas corpus petition, brought pursuant to 28 U.S.C. § 2254, is the validity of a sentence imposed in state court in 2002. *See Burks v. State*, No. A15-1416, 2016 WL 3375956 (Minn. Ct. App. June 20, 2016). After pleading guilty to one count of terroristic threats, Burks was given a stayed sentence of 21 months, subject to a 5-year term of probation. *Id*. at *1. That probation ended in 2007. *Id*. As a result of that conviction, however, Burks continues to be required by Minnesota law to register as a predatory offender. *See* Minn. Stat. § 243.166. It is this ongoing requirement of registration as a predatory offender that Burks challenges in his habeas corpus petition.

---

[1] Stephen Julian, warden of the Federal Correctional Institution in Terre Haute, Indiana, was named as a respondent to this action. Burks, however, does not challenge the validity of his *federal* custody, and thus Julian is an inappropriate respondent to this action. The Clerk of Court is directed to replace Julian with the State of Minnesota as a placeholder. (Because, as explained in the body of this Recommendation, Burks is not "in custody" for purposes of 28 U.S.C. § 2254(a), it is impossible to identify the proper custodian to name as respondent to this action.)

1

Burks's petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. After conducting a preliminary review of Burks's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court recommends dismissal of Burks's petition.

Persons seeking habeas corpus relief from a state-court judgment must be "in custody." *See* 28 U.S.C. § 2254(a); *accord* 28 U.S.C. § 2241(c)(1)-(3). Where a prisoner is incarcerated as a result of the judgment being challenged, the in-custody requirement is satisfied. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Conditions short of incarceration may also satisfy the in-custody requirement. "The meaning of 'custody' has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to 'significant restraints on liberty . . . which were not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003) (quoting *Barry v. Bergen County Probation Dep't*, 128 F.3d 152, 160 (3d Cir. 1997). For example, "[p]arole status does not deprive a federal court of jurisdiction over a habeas petition . . . because a parolee is still 'in custody'" on account of the continuing restrictions and obligations imposed upon the parolee. *See Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994). In contrast, ongoing restitution obligations do not constitute being "in custody." *Cf. United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) (applying the similar "in custody" requirement of 28 U.S.C. § 2255 and citing in support cases applying § 2254).

The only remaining collateral consequence of Burks's 2002 terroristic-threats conviction is the ongoing condition that he register under Minn. Stat. § 243.166. Although Burks is required to register as a *predatory* offender, not a sexual offender, cases discussing the interplay between sex-offender registration and the "in custody" requirement of § 2254(a) are instructive.

"The Eighth Circuit has not yet addressed the issue of whether mandatory registration as a sex offender is a sufficient collateral consequence which satisfies the in custody requirement. However, numerous other 'courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas.'" *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100 (D. Neb. 2009) (quoting *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) (other quotations omitted)). "Not only has the Supreme Court never held that a defendant is in custody for habeas purposes when the sentence imposed for the conviction has *fully* expired at the time his petition is filed, but no court of appeals has so held either." *Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012) (collecting cases).

As Judge Boylan explained within this District:

> It appears that, to date, no sex offender registration statute has ever been found to impose such restraints. The Court is unable to identify anything unique in Minnesota's sex offender registration law that would distinguish it from similar laws in other states. The Minnesota law obviously places special burdens on Petitioner that are not imposed on the general population, and, as a result, Petitioner must feel some unwelcome restraints on his freedoms that are not felt by other citizens. However, the burdens imposed by Minnesota's sex offender registration law are merely collateral consequences of being a convicted sex offender. Those burdens alone do not cause a sex offender to be "in custody" for purposes of § 2254(a).

*Stevens v. Fabian*, No. 08-1011 (ADM/AJB), 2009 WL 161216, at *10 (D. Minn. Jan. 22, 2009). The same can be said here. Although Burks is indisputably "in custody" insofar as he is incarcerated in a federal prison, that term of incarceration has nothing to do with the registration requirement that he challenges in this action. That registration requirement is non-punitive, *see Gunderson v. Hvass*, 339 F.3d 639, 643 (8th Cir. 2003), and the restrictions imposed as a result of that requirement do not rise to the level of "custody" for purposes of § 2254(a), *see, e.g.*, *Dickey v. Allbaugh*, 664 Fed. App'x 690, 693-94 (10th Cir. 2016). And no other collateral

consequences of Burks's 2002 terroristic-threats conviction remain.  *See Burks*, 2016 WL 3375956, at *1 ("Burks's probation ended on June 30, 2007.").

Because Burks is no longer "in custody" as a result of the judgment he is challenging, his habeas corpus petition must be dismissed. Only one matter merits further comment. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The uniformity of legal opinion on the question of whether non-punitive registration constitutes being "in custody" for purposes of § 2254(a) leans strongly against the conclusion that reasonable jurists could find the conclusion reached above "debatable or wrong." Accordingly, it is recommended that a COA not be issued in this matter.

RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Desmon Demond Burks [ECF No. 1] be DENIED.

2. No certificate of appealability be issued.

Dated: May 15, 2017  s/ *Steven E. Rau*
Steven E. Rau
U.S. Magistrate Judge

# **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.