# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Desmon Demond Burks,<br><br>Petitioner,<br><br>v.<br><br>Stephen Julian,<br><br>Respondent. | Case No. 17-cv-539 (SRN/SER)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Desmon Demond Burks, Federal Correctional Institution Terre Haute, Terre Haute, Indiana, pro se.

Edwin William Stockmeyer, III, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, Minnesota 55101, Peter J. Orput, Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2100, Minneapolis, Minnesota 55487, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Petitioner Desmon Demond Burks's Objections [Doc. No. 10] to United States Magistrate Judge Steven E. Rau's Report and Recommendation ("R&R"), dated May 15, 2017 [Doc. No. 8]. The magistrate judge recommended that Burks's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] ("Habeas Pet.") be denied, and this action be dismissed.

Pursuant to statute, this Court reviews de novo any portion of the magistrate

judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). Based on that de novo review, and for the reasons set forth below, the Court overrules Petitioner's objections and adopts the R&R in its entirety.

## II. BACKGROUND

Burks is currently incarcerated at the Federal Correctional Institute in Terre Haute, Indiana, having been convicted in this Court for conspiracy to commit bank fraud, aiding and abetting bank fraud, and aggravated identify theft. *See United States v. Burks*, No. 11-cr-369(4) (PAM/FLN) (D. Minn.). However, Burks's petition does not relate to his federal incarceration. Rather, Burks challenges the validity of a sentence imposed in Minnesota state court in 2002. (*See* Habeas Pet. at 6.) *See Burks v. State*, No. A15-1416, 2016 WL 3375956 (Minn. Ct. App. June 20, 2016). In that case, Burks pleaded guilty to one count of terroristic threats, and was given a stayed sentence of 21 months, subject to a five-year term of probation. *Id.* at *1. Burks's probation ended in 2007, but as a result of his conviction, he is required by Minnesota law to register as a predatory offender. *See* Minn. Stat. § 243.166.

Burks now brings the present habeas corpus petition to challenge the registration requirement, arguing that it violates the Ex Post Facto Clause of the United States Constitution, and that in any event he was not convicted of an enumerated offense requiring registration. (*See* Habeas Pet. at 6.) *See* U.S. Const. art. I, § 10, cl. 1. Pursuant to statute and the local rules of this Court, Burks's petition was first referred to the

2

magistrate judge for review. *See* 28 U.S.C. § 636; D. Minn. LR 72.1. The R&R submitted to this Court did not consider the merits of Burks's claims, however, because Judge Rau concluded as a threshold matter that the petition is procedurally improper because Burks is not "in custody" as that term is construed for purposes of § 2254 petitions. (*See* R&R at 2-3.) *See* 28 U.S.C. § 2254(a); *accord* 28 U.S.C. § 2241(c)(1)-(3). In particular, although the magistrate judge recognized that Burks is currently incarcerated for a federal crime, he is no longer subject to any restraint as a result of his state court terroristic threats conviction, besides the ongoing requirement to register as a predatory offender. Judge Rau concluded that this collateral consequence does not rise to the level of being "in custody," and thus Burks's petition must fail. (*See* R&R at 3-4.)

Burks filed timely objections to the R&R on May 24, 2017, triggering this de novo review.

## III. DISCUSSION

Burks's first objection contends that because the Eighth Circuit has never "passed on the question of registration requirements as sufficient to allow for 'in-custody' treatment," his petition presents a matter of first impression that requires statutory analysis. (*See* Objections at 2.) Burks contends that this analysis has not been done—presumably by the magistrate judge. (*See id.*)

The Court rejects this assertion. While Burks is correct that the Eighth Circuit has not considered this specific factual scenario, he is mistaken in suggesting that Judge Rau somehow engaged in an improperly cursory review of the procedural sufficiency of his claim. On the contrary, the R&R demonstrates careful consideration of whether a non-

3

punitive registration requirement—the only remaining consequence of an otherwise expired conviction—can constitute being "in custody" under § 2254. Analogizing to similar cases that have found a requirement to register as a *sex* offender to be insufficient, the magistrate judge prudently determined that registration as a *predatory* offender likewise falls below the habeas threshold. (*See* R&R at 3-4.) *See Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008); *Hansen v. Marr*, 594 F. Supp. 2d 1097, 1100 (D. Neb. 2009); *Stevens v. Fabian*, No. 08-cv-1011 (ADM/AJB), 2009 WL 161216, at *10 (D. Minn. Jan. 22, 2009). Having reviewed Judge Rau's reasoning, this Court likewise finds that the burdens imposed by registration as a predatory offender do not cause a petitioner to be "in custody" under § 2254.

This determination largely disposes of Burks's second objection, which contends that "analogizing [to] a Sex Offender Registration . . . is misplaced" because the requirements of Minn. Stat. § 243.166 stem from an underlying "violent" offense. (Objections at 2.) Burks does not indicate why this distinction is relevant to the present procedural analysis, however, which is concerned with the *consequences* of the "restrictions and obligations imposed upon" the petitioner. *See Jones v. Jerrison*, 20 F.3d 849, 852 n.2 (8th Cir. 1994). As the Court cannot conceive of any relevant difference between registration as a violent offender versus registration as a sex offender, it holds Burks's narrow distinction to be of no consequence to the sufficiency of his habeas petition.

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition

unless he is granted a Certificate of Appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Such a "showing" requires demonstration "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the magistrate judge recognized, courts to have considered the matter have uniformly concluded that non-punitive registration requirements do not rise to the level of being "in custody" for purposes of § 2254. Accordingly, the Court finds that reasonable jurists would be unlikely to consider this Court's resolution of Burks's petition to be "debatable." It will not issue a COA here.

## V. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections to the Magistrate Judge's May 15, 2017 Report and Recommendation [Doc. No. 10] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 8];

3. This action is **DISMISSED** with prejudice; and

4. The Court will **NOT** issue a Certificate of Appealability in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 28, 2017                     s/Susan Richard Nelson
                                         SUSAN RICHARD NELSON
                                         United States District Judge